HARRISON C. FROST *vs.* INTERNATIONAL RUBBER CO.

FEBRUARY 24, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Splitting Causes of Action. Judgments. Res Adjudicata. What Can be Shown Under Common Counts.*

Plaintiff under agreement with defendant became obligated to render services as superintendent of defendant's mill for one year, from September 30, 1910. He was discharged May 27, 1911. July 21, 1911, plaintiff brought suit, the declaration in the first count setting up the contract of service; averring that plaintiff had fulfilled all his obligations thereunder, but that defendant on May 27, 1911, had refused to retain him in its employ. The second count set up the indebtedness of defendant to plaintiff in the sum of $1,000 and contained the common counts. Plaintiff filed a bill of particulars, setting out the claim for salary for 8 weeks, from May 27, 1911, to July 21, 1911, at $75 a week, $600. On January 16, 1912, by agreement entry was made in the action, "Judgment for plaintiff for $537." "Judgment satisfied."

This judgment was satisfied. Thereafter plaintiff brought his action setting out the above contract and his discharge and that defendant had refused to pay him for the portion of the year from July 21, 1911, to September 30, 1911. In a second count plaintiff set out an agreement on the part of defendant to pay a portion of his moving expenses.

*Held,* that the bill of particulars, together with the entry of judgment, showed that the former judgment simply included the amount of the salary which was due July 21, 1911, and therefore plaintiff was entitled to maintain the present action for the balance due under the contract.

*Held,* further, that as the matter of moving expenses was not included in the bill of particulars in the former action, testimony could not have been

offered concerning it in that case, and therefore the former judgment was not a bar to its recovery in the present suit.

*Held*, further, that as neither the future wages nor the moving expenses could have been recovered under the common counts, the presence of such counts in the former action did not support the defendant's plea of *res adjudicata*.

*(2)    Agreement of Counsel.    Entry of Settlement.*

An entry of settlement by agreement of counsel must be understood to relate to the entry of a judgment consistent with the pleadings in the case.

*(3)    Judgments.    Parol Evidence.*

Where in an action, the defendant introduces a former judgment between the parties under his plea of *res adjudicata*, parol evidence is admissible to show the extent of the recovery in the former suit.

*(4)    Judgments.    Res Adjudicata.    Parol Evidence.*

Extrinsic evidence is admissible to show that a claim though set out in a former record was not submitted for adjudication and hence was not covered by the judgment and parol evidence may also be offered to show that a prior action was prematurely brought.

ASSUMPSIT.    Heard on exceptions of plaintiff and sustained.

VINCENT, J.    This is an action of the case in assumpsit. The first count of the plaintiff's declaration alleges that he entered into a contract with the defendant on September 30, 1910, under which it was agreed that he should enter the employ of the defendant as a factory superintendent and that the defendant should pay him for his services the sum of seventy-five dollars per week, such agreement to continue for the period of one year.    The plaintiff further alleges that he performed his obligations under the contract up to May 27, 1911, when the defendant discharged him and has since refused to pay him anything for the portion of the year from July 21, 1911, to September 30, 1911.

The declaration contained a second count in which it was alleged that in consideration that the plaintiff would enter the employ of the defendant under the aforesaid contract the defendant agreed to pay one-half of the plaintiff's moving expenses from Montreal, Canada, to Barrington, Rhode Island, amounting to $200, and that the defendant has refused to pay the same.

The compensation of the plaintiff for the period from May 27, 1911, to July 21, 1911, was recovered by a suit to which we will refer later.

The pleadings in the case are very voluminous. There is however no technical question of pleading involved and therefore there is no difficulty in reaching the consideration of the questions which must control the disposition of the case without pursuing the devious path through which it has traversed toward a trial.

In the Superior Court the defendant introduced the record of a former judgment in support of its plea of *res adjudicata.*

(1) The plaintiff under his agreement with the defendant became obligated to render services as the defendant's mill superintendent for one year, from September 30, 1910. He was discharged from the defendant's employ on May 27, 1911. On July 21, 1911, the plaintiff brought suit against the defendant in the Superior Court. The declaration in that suit set up the contract of service between the parties before referred to and that the plaintiff had in all respects fulfilled his obligations thereunder, but that the defendant on May 27, 1911, had refused to retain the plaintiff in its employ and pay him his compensation according to said agreement.

The second count in that declaration set up the indebtedness of the defendant to the plaintiff in the sum of one thousand dollars and contains what is known as the common counts. In the former case, the plaintiff in response to the motion of the defendant filed a bill of particulars containing the following statement: "Salary for eight (8) weeks, from May 27th, 1911, to July 21st, 1911, at $75 per week, $600. Interest on each week's salary, at the rate of six per cent. (6%) per annum." On January 16, 1912, counsel for plaintiff and defendant executed an agreement that an entry be made "Judgment for plaintiff for $537. No costs," and on January 18, 1912, the further entry was made by agreement, "Judgment satisfied."

Upon the introduction of this former judgment in the Superior Court, together with the foregoing entries made therein, the trial judge held that the former suit being between the same parties and upon the same contract the plaintiff could not maintain another suit. The plaintiff offered to show that in connection with the entry of judgment in the former suit there was an understanding between parties that the judgment then entered did not cover the plaintiff's wages subsequent to the date of the writ in that case. This testimony the Superior Court held was inadmissible as tending to contradict the record of the court by oral testimony.

The plaintiff under the original contract which is not disputed was entitled to a weekly payment for his services in the sum of seventy-five dollars and he had the right upon default of any payment to bring a suit to recover the amount then due and was under no obligation or restriction to await the final expiration of the term of the contract before instituting his suit.

On July 27, 1911, the plaintiff brought his suit. The bill of particulars which the plaintiff therein filed, in pursuance of the defendant's motion, definitely stated that the plaintiff was seeking to recover the amount due him at the date of his writ, July 27, 1911. Having filed a bill of particulars, the plaintiff could not properly offer any testimony relating to other matters or obtain and recover for anything not stated or appearing therein. The bill of particulars, together with the entry of judgment and the entry of judgment satisfied show beyond question that the former judgment which the defendant introduced under his plea of *res adjudicata* simply included the amount of the weekly compensation of the plaintiff which had become due on July 27, 1911. That being so the plaintiff was fully entitled to maintain his present suit for the balance due under the contract.

As to the matter of the $200 which the plaintiff now seeks to recover as one-half of his moving expenses from Montreal

to Barrington, we do not find it to have been included in the former judgment before referred to. It was not included in the bill of particulars in that suit and testimony concerning it could not have been offered in that case and therefore we do not think that the former judgment, the scope of which we have already discussed, is any bar to the recovery of that amount.

(2) We attach no great importance to the entry of settlement, by agreement of counsel, inasmuch as the record of the former judgment is otherwise sufficient to determine the extent of the plaintiff's recovery. The declaration sets forth the period for which the plaintiff seeks to recover, and it is a period subsequent to that covered by the former suit. The agreement of counsel must be understood to and necessarily does relate to the entry of a judgment consistent with the pleadings in the case.

(3) We think that the plaintiff would be entitled to show by parol testimony the extent of the recovery in the former suit, if such testimony was necessary to determine that fact, but the present case does not seem to present such a necessity, it appearing from the record of the former judgment that the plaintiff only recovered his wages to July 27, 1911.

(4) This court has held that extrinsic evidence is admissible to show that a claim though set out in a former record was not submitted for adjudication and hence was not covered by the judgment and that parol evidence might be offered to show that a prior action was prematurely brought. *Paine* v. *Schenectady Ins. Co.*, 12 R. I. 440; *Jepson* v. *The International Fraternal Alliance*, 17 R. I. 471; *Martin* v. *Stranger*, 29 R. I. 464.

The presence of the common counts which formed a part of the declaration in the former suit fails to support the defendant's plea of *res adjudicata* as neither future wages nor moving expenses could be recovered thereunder.

The plaintiff's exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*Green, Hinckley & Allen,* for plaintiff.

*Arthur M. Allen, Chauncey E. Wheeler,* of counsel.

*Charles H. McKenna,* for defendant.